IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STACY POWELL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO._____ |
| ) | JURY TRIAL DEMAND |
| ) | |
| WALTER ENERGY, INC., ) | |
| ) | |
| DEFENDANT. ) | |

# COMPLAINT

Plaintiff Stacy Powell alleges:

1. This action is brought on behalf of Stacy Powell ("Powell") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the "Equal Pay Act" of the "Fair Labor Standards Act", 29 U.S.C. § 206 (d).

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Defendant Walter Energy, Inc. ("Walter") maintains a place of business in this judicial district, and a substantial part of the events giving rise to this action took place in this judicial district.

4. Walter is a person within the meaning of 42 U.S.C. § 2000e(a), and employers within the meaning of 42 U.S.C. § 2000e(b).

## PARTIES

5. Walter is a corporation conducting business in the State of Alabama.

6. At all relevant times, Walter employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.  Walter is an entity subject to suit under the "Equal Pay Act", 29 U.S.C. § 206 (d).

7. Powell currently resides at 574 Bristol Lane, Birmingham, Alabama 36226.

## NATURE OF CASE

8. After serving in a contract position for one year at Walter, Powell accepted a fulltime position and began working as a Human Resource Business Partner for Walter on or about August 1, 2012.  Her starting salary was approximately $70,000.00 a year.

9. As a Human Resource Business Partner, Powell was similarly situated with her male co-workers and was doing equal and often substantially greater work in the same establishment.

10. However, Powell's male co-workers who were doing equal work were paid at a higher rate than she.

11. Powell was required to travel between the United States and Canada Operations and perform work that was greater in nature than her male co-workers.

12. After Powell learned that she was compensated at significantly lower levels than similarly situated male who performed substantially the same work, she complained to her immediate supervisor, Kelly Grant, alleging sex and race discrimination in compensation.

13. In and around June, 2013 and subsequent to Powell's initial complaint to her the immediate supervisor, Kelly Grant concerning the higher pay grades of her male co-workers; a re-evaluation of the Powell's position in addition to other employees was conducted; however, Powell was not offer a higher "Pay Grade Adjustment."

14. Upon learning that her pay grade was not changing, Powell informed her immediate supervisor, Kelly Grant that she would be filing a complaint with the Equal Employment Opportunity Commission (EEOC) concerning Walter's discriminatory pay practice.

15. Subsequently Powell's name was added the list of personnel that would be eliminated due to reduction in work force and on or about August 6, 2013 and August 15, 2013, Powell was informed of such.  Typically employees are given the option to accept other positions prior to termination; however, Powell was not given such option.

16. Powell was discharged from her employment on or about August 27, 2013.

17. Walther's subsequent retaliation against Powell through its termination of her employment was an outgrowth of her claims of sex discrimination in compensation.

18. Walter willfully and maliciously discriminated against Powell in pay because of her sex.

19. Pursuant to Section 706 of Title VII, as amended, 42 U.S.C. § 2000e-5, the EEOC investigated the charge of discrimination filed by Powell and issued a Dismissal and Notice of Rights on November 4, 2014, postmarked November 5, 2014 and received November 6, 2014.

## STATEMENT OF CLAIMS

20. Walter subjected Powell to discrimination in compensation on the basis of race, sex, as well retaliation, in violation of Sections 703(a) and 704(a) of Title VII, among other ways, by:

(a) compensating Powell at significantly lower levels than similarly situated white males performing substantially the same work in the Human Resource Division for the period of time between the commencement of the Powell's employment with Walter and the institution of the "Pay Grade Adjustment";

(b) failing to make Powell's salary equivalent to similarly situated whites and males performing substantially the same work following the "Pay Grade Adjustment";

(c) terminating Powell in retaliation for her opposition to and participation in activity protected by Title VII; and

(d) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment and retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Powell prays that the Court grant the following relief:

(a) Enjoin Walter from engaging in sex and race discrimination in compensation and retaliation, in violation of Title VII, for any employee or applicant for employment.

(b) Award backpay and all other appropriate monetary relief, including the value of lost employment benefits to Powell in an amount to be determined at trial to make them whole for the loss they suffered as a result of the discriminatory conduct alleged in this Complaint;

(c) Award Powell any prejudgment interest on the amount of lost wages and benefits determined to be due;

(d) Award compensatory damages to Powell to fully compensate them for the pain, suffering, and medical expenses caused by the discriminatory conduct

*Powell v. Walter Energy*
*Page 5*

alleged in this Complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

(e) Order Walter to institute policies, practices, and programs to ensure a non-discriminatory workplace, including but not limited to implementing appropriate polices to ensure equal employment opportunity for their employees, and providing adequate training to all employees and officials regarding discrimination and retaliation;

(f) Award such additional relief as justice may require, together with Powell's costs and disbursements in this action.

## JURY DEMAND

Powell hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Respectfully submitted,

s/ Jameria Johnson Moore
Jameria Johnson Moore (ASB-4311-A63M)
jjm@sperlingandmoore.com
**Attorney for Plaintiff**

/s/ A. Jackson Sperling
A. Jackson Sperling (ASB-8488-N72S)
ajs@spelingandmoore.com
**Attorney for Plaintiff**

OF COUNSEL:
SPERLING & MOORE, P.C.
1129 Forestdale Blvd.
Birmingham, Alabama 35214
Telephone:  205.798.8900
Facsimile:  205.798.5590

**Plaintiff's Address**
574 Bristol Lane, Birmingham, Alabama 36226.

**Defendant's Address**
Walter Energy, Inc.
300 Riverchase Galleria, Suite 1700
Hoover, Alabama 35244